**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 19 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PETER NINEMIRE,

      Petitioner-Appellant,

v.

ATTORNEY GENERAL OF KANSAS
and STATE OF KANSAS,

      Respondents-Appellees.

No. 98-3044
(D.C. No. 94-3492-DES)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

      Peter Ninemire brought this action for habeas corpus relief under 28 U.S.C. § 2254, asserting that he was denied the effective assistance of counsel by his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

trial attorney's failure to perfect his appeal and that he was denied due process when the state courts refused to allow his appeal to be docketed out of time. The federal district court denied relief, concluding that although Mr. Ninemire's counsel had been ineffective, Mr. Ninemire had suffered no prejudice because he became a fugitive during the relevant time and thus subject to the State's fugitive waiver rule. Mr. Ninemire appeals and we affirm.[1]

As the State acknowledged below, the facts of this case are "rather unique." Rec., doc. 18 at 3. Mr. Ninemire was sentenced in state court on May 1, 1987, and filed a notice of appeal that same day. For reasons that remain unexplained, the journal entry of conviction and sentencing was not filed until September 5, 1989, over two years later. Under Kansas law, Mr. Ninemire had until September 27, 1989, to perfect his appeal by filing a docketing statement. The docketing statement was not timely filed. Mr. Ninemire thereafter became a fugitive by absenting himself from the state from November 1989 to February 1991 while facing federal criminal charges.

After his arrest in February 1991 on a federal bench warrant, Mr. Ninemire sought leave to pursue an appeal of his state court conviction out of time, which

---

[1] The district court denied Mr. Ninemire a certificate of appealability, concluding that he had failed to make a substantial showing of the denial of a constitutional right. We grant the certificate. Although we resolve the merits adversely to Mr. Ninemire, it is undisputed that his counsel was ineffective and that the facts in this case are unusual.

the state appellate court denied.  Mr. Ninemire then sought state post-conviction relief, asserting that he had been denied effective assistance of counsel by his attorney's failure to timely file a docketing statement.  The state district court held a hearing and ruled that although counsel had been ineffective, Mr. Ninemire had waived his right to appeal by becoming a fugitive after the journal entry was filed.  The state appellate court affirmed the ruling and the state supreme court denied review.

To succeed in establishing the denial of his constitutional right to the effective assistance of counsel, Mr. Ninemire must establish both that his counsel was ineffective and that he was prejudiced thereby.  *Strickland v. Washington*, 466 U.S. 668 (1984).  Mr. Ninemire contends the district court was  incorrect in concluding that he suffered no prejudice from his counsel's ineffectiveness.  The crux of Mr. Ninemire's argument is his assertion that the state courts erred in holding that he waived his right to pursue an appeal by becoming a fugitive.  Mr. Ninemire contends his case falls within the Supreme Court's analysis in *Ortega-Rodriguez v. United States*, 507 U.S. 234 (1993), setting out circumstances in which a fugitive waiver rule such as that applied here does not warrant dismissal of an appeal.  As we discuss briefly below, however, the facts in Mr. Ninemire's case are distinguishable from *Ortega* in critical respects.

In *Ortega*, the defendant fled while his case was pending in district court

and was recaptured before sentencing and appeal. *See id.* at 236. The Court distinguished those circumstances from a situation in which, as here, a defendant is a fugitive during the appellate process.

> [O]ur cases consistently and unequivocally approve dismissal as an appropriate sanction when a prisoner is a fugitive during "the ongoing appellate process." Moreover, this rule is amply supported by a number of justifications. In addition to addressing [enforceability concerns], dismissal by an appellate court after a defendant has fled its jurisdiction serves an important deterrent function and advances an interest in efficient, dignified appellate practice.

*Id.* at 242 (citations omitted). The discussion in *Ortega* upon which Mr. Ninemire relies is specifically limited to the factual situation "in which both flight and recapture occur while the case is pending before the district court, so that a defendant's fugitive status at no time coincides with his appeal." *Id.* at 244. *Ortega* is thus not applicable here.

Mr. Ninemire became a fugitive after he was sentenced and had filed a notice of appeal and after the state had filed the journal entry of judgment which triggered his ability to perfect his appeal by filing a docketing statement within the specified time period. Even if his counsel had been effective and had timely filed the docketing statement, Mr. Ninemire's subsequent fugitive status would have rendered the appeal subject to the state's fugitive waiver rule. Accordingly, Mr. Ninemire has failed to show he was prejudiced by his counsel's ineffectiveness.

-4-

We **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge